IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,299-01






EX PARTE GARY WAYNE SCHULTE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1181066-A IN THE 337TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to imprisonment for life. The First Court of Appeals affirmed his conviction. Schulte v.
State, No. 01-10-00100-CR (Tex. App.--Houston [1st Dist.] 2012, no pet.).

 Applicant contends that trial counsel failed to: (1) investigate and object to the pre-sentence
investigation report (PSI); (2) file a motion for new trial after the PSI was admitted; and (3) object
and file a motion for new trial after the trial court ruled that mitigation evidence was inadmissible. 
The trial court adopted the State's proposed findings of fact and conclusions of law and
recommended that we deny this application. We decline to adopt these findings and conclusions. 

They are, in fact, largely legal conclusions and principles derived from decisions from this Court and
the United States Supreme Court, and they often misrepresent Applicant's pleadings. The trial court
found, for example, that Applicant's complaints were conclusory and that he merely stated that his
counsel failed to investigate his case. Legal conclusions are not a substitute for factual findings. 
This Court has independently reviewed the record. We conclude that Applicant has not established
prejudice under Strickland v. Washington, 466 U.S. 668 (1984), but not because his complaints are
conclusory. This application is denied. 


Filed: October 23, 2013

Do not publish